UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HAWXHURST LLP, § § Plaintiff, § § v. § § INTAMIN AMUSEMENT RIDES INT. CORP. EST., INTERNATIONAL AMUSEMENTS, LLC, and INTAMIN LIMITED, § § Defendant. § | Case No. 1:26-cv-191 |

# COMPLAINT

Plaintiff Hawxhurst LLP brings this brings this action against Defendants Intamin Amusement Rides Int. Corp. Est.; International Amusements, LLC; and Intamin Limited (collectively, "Defendants") for breach of contract, account stated and, in the alternative, quantum meruit.

## THE PARTIES

1. Plaintiff Hawxhurst LLP is a limited liability partnership, and all its partners are citizens of Texas.

2. Defendant Intamin Amusement Rides Int. Corp. Est. ("Intamin") is a foreign company headquartered in the Principality of Liechtenstein.

3. Defendant International Amusements, LLC is a limited liability company. Its status with the office of the Maryland Secretary of State is currently listed as inactive. Its only member is Defendant Intamin Limited.

4.       Defendant Intamin Limited is a Maryland corporation with its principal place of business in Anne Arundel County, Maryland.  On information and belief, Intamin Limited is the successor in interest to or is a continuation of Defendant International Amusements, LLC.

## JURISDICTION AND VENUE

5.       This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  Hawxhurst LLP is a citizen of Texas, Defendants International Amusements and Intamin Limited are citizens of Maryland, and Defendant Intamin is a citizen of a foreign country.  The amount in controversy exceeds, exclusive of interest and costs, the sum or value of $75,000.

6.       This Court has specific personal jurisdiction over Defendants because they purposefully obtained Hawxhurst LLP's services, Hawxhurst LLP's claims arise out of or result from the services it provided from Texas to Defendants, and the Court's exercise of personal jurisdiction over them comports with fair play and substantial justice.

7.       Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, including that the contract was entered into and performed in this District, and under 28 U.S.C. § 1391(b)(3) because at least one of the Defendants is subject to personal jurisdiction in this District with respect to the claims in question.

## FACTUAL ALLEGATIONS

A. The AAA Arbitration and Multiple Related Actions.

8.       In late 2019, Hawxhurst LLP began representing Defendants International Amusements and Intamin in a dispute where they were alleged to have, *inter alia*, breached a

contract and stolen intellectual property. Hawxhurst LLP had previously represented Intamin in other litigation matters involving intellectual property.

9. Over the next several years, this dispute evolved into several related litigation matters that Hawxhurst LLP represented Defendants in until all remaining matters were settled in late 2025.

10. On March 24, 2020, US Thrillrides LLC and Polercoaster LLC filed a demand for arbitration with the American Arbitration Association in Orlando, Florida, that alleged several claims against International Amusements and Intamin. US Thrillrides and Polercoaster valued their claims at $40 million (approximately $20 million against International Amusements and $20 million against Intamin) and prayed to recover any profits attributable to the alleged infringements and exemplary damages ("AAA Arbitration"). The arbitration demand alleges, *inter alia*, that International Amusements and Intamin stole a major amusement ride project from them that is located in Dubai, United Arab Emirates, and pleaded several causes of action including breach of multiple contracts, tortious interference, theft of trade secrets and copyright infringement.

11. Pursuant to the clients' instructions, Hawxhurst LLP immediately filed a complaint with the Federal District Court for the Middle District of Florida seeking declaratory judgment that Intamin's contract with US Thrillrides and Polercoaster (i.e., the Confidentiality and Nondisclosure Agreement ("CNDA")) did not contain an arbitration provision and that it was not a party to the Master Intellectual Property Agreement ("MIPA") that they had premised the arbitration upon or otherwise bound by its arbitration provision ("First Federal Action").[1]

---

[1] Such action is <u>Intamin Amusement Rides Int. Corp. Est. v. US Thrillrides, LLC, et al.</u>, M.D. Fla. Case No. 6:20-cv-713-CEM-DCI.

12. Meanwhile International Amusements and Judgment Debtors selected a panel of arbitrators ("Panel") pursuant to the MIPA's terms and proceeded to arbitrate the claims.

13. On April 26, 2022, the District Court granted summary judgment for Intamin, finding that it was not a proper party to the AAA Arbitration.

14. US Thrillrides and Polercoaster then submitted a request in the AAA Arbitration to voluntarily dismiss their claims. The Panel complied and entered an order determining that International Amusements was the prevailing party in the AAA arbitration.

15. On October 31, 2022, the AAA Panel entered a final award in International Amusements' favor. The AAA Award determined that International Amusements was entitled as the prevailing party to recover its fees and costs from US Thrillrides and Polercoaster jointly and severally pursuant to the MIPA's prevailing party fee provision and 17 U.S.C. § 505 of the Copyright Act. Specifically, the AAA Award ordered them to pay International Amusements $527,887.49.

16. In early December 2022, pursuant to client instructions, Hawxhurst LLP brought a confirmation action for International Amusements against US Thrillrides and Polercoaster to confirm the AAA Award ("Confirmation Action").[2] Part of the motivation for bringing the action was that Hawxhurst LLP had learned that US Thrillrides and Polercoaster had recently transferred their main assets to a Canadian company without notice to International Amusements.

17. On December 21, 2022, US Thrillrides and Polercoaster filed voluntary petitions for relief under subchapter V of chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §

---

[2] Such action is International Amusements, LLC v. US Thrillrides, LLC, et al., M.D. Fla. Case No. 6:22-cv-2082-CEM-DCI.

101 *et seq.* ("Bankruptcy Actions") and the confirmation matter was automatically stayed.[3] From the outset, it appeared that they initiated bankruptcy proceedings solely to deprive International Amusements of its right to collect the AAA Award.

18. Along with local bankruptcy counsel, Hawxhurst LLP was counsel to International Amusements and Intamin in the Bankruptcy Actions. On August 17, 2023, the bankruptcy court granted International Amusements' and Intamin's objection and motion to dismiss the Bankruptcy Actions with prejudice. During discovery in the Bankruptcy Actions, Hawxhurst LLP uncovered evidence indicating that William Kitchen, who is the owner of US Thrillrides and Polercoaster, had illegally stripped them of their assets and left them with nothing to satisfy the AAA Award.

19. On December 20, 2023, the District Court in the Confirmation Action confirmed International Amusements' AAA Award in the amount of $567,818.52 against US Thrillrides and Polercoaster and awarded pre- and post-confirmation interest.

20. On July 18, 2024, pursuant to client instructions, Hawxhurst LLP brought a fraudulent transfer and fraudulent conveyance action on behalf of International Amusements against Mr. Kitchen ("Fraudulent Transfer Action") based on the information initially uncovered during the Bankruptcy Actions.[4] The evidence from the Bankruptcy Actions showed that Mr. Kitchen had improperly transferred more than $1,000,000 in cash and assets from US Thrillrides and Polercoaster to himself, leaving them unable to pay International Amusements.

---

[3] Such actions are In re: US Thrillrides, LLC, Bankr. M.D. Fla. Case No. 6:22-bk-4495 and In re: Polercoaster, LLC, Bankr. M.D. Fla. Case No. 6:22-bk-4496.
[4] Such action is International Amusements, LLC v. William J. Kitchen, M.D. Fla. Case No. 6:24-cv-1308WWB-LHP.

In that case, pursuant to client instructions Hawxhurst LLP proceeded to take discovery from Mr. Kitchen and third parties and engaged in discovery motion practice.

21. On August 19, 2025, the District Court in the Confirmation Action awarded International Amusements $320,716.42 for the attorneys' fees and costs that it had incurred in the Bankruptcy Actions and Confirmation Action.

### B. US Thrillrides and Polercoaster's Renewed Claims Against Intamin.

22. Meanwhile, in July 2022, US Thrillrides and Polercoaster refiled their several claims in Florida state court against Intamin. These were the same claims they had asserted in the AAA Arbitration, except International Amusements was not included as a defendant. Pursuant to client instruction, Hawxhurst LLP removed the case to the Federal District Court for the Middle District of Florida ("Second Federal Action").[5]

23. In 2024, after extensive discovery had been taken at client request and consent, and several motions litigated at client request and consent, Intamin moved for summary judgment on all claims, filed Daubert motions against US Thrillrides' and Polercoaster's damages and engineering experts, and a renewed motion for sanctions pursuant to Rule 11 and Florida Statute § 57.105. The District Court excluded their damages expert, partially excluded testimony of their engineering expert and granted summary judgment on nearly all claims. All that was left was part of Polercoaster's Copyright Act claim and part of US Thrillrides' and Polercoaster's claim for breach of the parties' CNDA. Hawxhurst LLP had achieved a massive victory on summary judgment. The district court deferred ruling on Intamin's renewed sanctions motion until after trial.

---

[5] Such action is US Thrillrides, LLC, et al. v. Intamin Amusement Rides Int. Corp. Est., M.D. Fla. Case No. 6:22-cv-2338-CEM-DCI.

24. In June 2025, pursuant to client instruction, the parties had a week-long jury trial; US Thrillrides and Polercoaster obtained a verdict on the Copyright Act claim for $1,500,000 ($500,000 per an infringed work) and on Plaintiffs' CNDA breach claim for $1,499,665 in compensatory damages and $500,000 in special damages.  During closing, Plaintiffs had asked the jury to award them over $20 million in damages.

25. Thereafter, the parties filed several post-trial motions that were fully briefed, but not ruled on.  Among other motions, Intamin filed a renewed motion for judgment as a matter of law and a motion for new trial.  The motions addressed several issues and explain in detail under the applicable standards why there was no infringement of the three alleged copyright works under the Copyright Act and why there was no breach of the CNDA's copyright provision.  They also explain why both claims fail for non-substantive reasons.  For instance, the Copyright Act claim was subject to judgment as a matter of law because there was no evidence showing an infringing act in the United States.  As another example, Intamin was entitled to a new trial because it was prejudicial error for the court not to instruct the jury that the CNDA claim is limited to the three registered works at issue (all of which post-date the CNDA's expiration and therefore are not covered by it).

26. Counsel for US Thrillrides and Polercoaster and Mr. Kitchen himself recognized that the jury verdict would not withstand post-trial motions and/or appeal, asking immediately after the jury was released if Intamin would be willing to engage in settlement discussions.

C. **Mediation and Fee Dispute**

27. While the post-trial motions were pending, pursuant to client instruction, the parties agreed to stay all pending matters so that they could attend a global mediation that

would cover all of the claims between International Amusements, Intamin, US Thrillrides, Polercoaster, and Mr. Kitchen.

28.     International Amusements and Intamin were in a very strong position going into the mediation, as recognized by the mediator and opposing counsel.  While US Thrillrides and Polercoaster had obtained a verdict against Intamin on two claims for approximately $3.5 million and were seeking fees and interest, Hawxhurst LLP had determined that it was much more likely than not that Intamin would prevail entirely on post-trial motions, including its renewed judgment as a matter of law, amendment of the judgment to prevent double recovery, motion for new trial, and/or an appeal.  Hawxhurst LLP also believed that it was more likely than not that International Amusements would prevail on its fraudulent transfer action, and would be able to collect all if not most of the judgment that Hawxhurst LLP had obtained on its behalf.  If Intamin prevailed on all issues, its potential net upside would be materially more than $2.5 million (including International Amusements' award).[6]  This analysis was discussed extensively with the client.  Likewise, the client was advised that it owed Hawxhurst LLP well over $1.2 million due and owing it for representation in the various matters—payment which it had agreed to delay pending final resolution of the matters.

29.     In October 2025, the parties attended the mediation and reached a confidential settlement of all matters.  For reasons that will not be disclosed, the client chose to settle the claims.

30.     After the matters settled, as agreed, Hawxhurst LLP provided all outstanding invoices to Defendants concerning the settling matters.  Hawxhurst LLP had previously agreed

---

[6] Intamin's prevailing party fees and expenses through trial and post-trial briefing: $1,500,000; sanctions estimate: $1,000,000; International Amusements' award: $939,000 (including post-confirmation interest as of October 2025).

to delay certain of the invoices and also agreed to specific discounts that are reflected in these amounts. Collectively, Defendants owe Hawxhurst LLP $1,297,938.94 for the Second Federal Action wherein the firm represented Intamin (of which $147,368.94 are for costs and expenses advanced by Hawxhurst LLP). Defendants owe Hawxhurst LLP $102,805.50 for the Confirmation Action, and $114,946.39 for the Fraudulent Transfer Action wherein the firm represented International Amusements (of which $2,109.89 are for costs and expenses advanced by Hawxhurst LLP). The total amount due and owing is $1,515,690.83 and Defendants are jointly and severally liable for the entire amount. To date, Defendants have refused to pay the amount due and owing to Hawxhurst LLP.

## FIRST CLAIM FOR RELIEF

(*Breach of Contract*)

31. Hawxhurst LLP hereby repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 30, inclusive.

32. Defendants contracted for Hawxhurst LLP provide legal services to them in connection with several litigation matters.

33. Except insofar as its performance was excused by the acts of Defendants, Hawxhurst LLP fully performed all acts, services and conditions required on its part pursuant to the parties' contract in connection with the litigation matters.

34. Hawxhurst submitted written invoices to Defendants for services rendered and expenses and costs incurred.

35. On or around December 20, 2025, Defendants breached the contract by failing and refusing to pay the amount due and owing.

36. To date, Defendants owe Hawxhurst LLP $1,515,690.83, jointly and severally,

for the services rendered and costs and expenses advanced in connection with the litigation matters.

37.  As a direct and proximate result of Defendants' breach of the contract, Hawxhurst LLP has been damaged in the sum of at least $1,515,690.83, plus pre- and post-judgment interest.  Defendants are also liable for Hawxhurst LLP's reasonable attorneys' fees and expenses incurred in connection with this action.

## SECOND CLAIM FOR RELIEF

(*Account Stated*)

38.  Hawxhurst LLP hereby repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 30, inclusive.

39.  In late 2019, an account was started by and between Hawxhurst LLP and Defendants.

40.  By conduct, Defendants agreed that the amount stated in the account, as reflected in Hawxhurst LLP's invoices, was the correct amount that they are indebted to Hawxhurst LLP.  Defendants did not at any time, up to and including the date this complaint was filed, dispute that they owed the stated amount to Hawxhurst LLP.  Further, Defendants have not taken any legal action to challenge the amounts claimed by Hawxhurst LLP.

41.  By the parties' contract and impliedly by their conduct, Defendants promised to pay their indebtedness to Hawxhurst LLP.

42.  Hawxhurst LLP has demanded that Defendants pay their indebtedness and they failed and refused to do so.

43.  Defendants are indebted to Hawxhurst LLP in the amount of $1,515,690.83, the entirety of which is due, owed and unpaid.  Hawxhurst LLP is entitled to recover full

satisfaction of the debt, plus pre- and post-judgment interest.  Defendants are also liable for Hawxhurst LLP's reasonable attorneys' fees and expenses incurred in connection with this action.

### THIRD CLAIM FOR RELIEF

(*Quantum Meruit*)

44.     Hawxhurst LLP hereby repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 30, inclusive.

45.     Hawxhurst LLP provided valuable legal services to Defendants in connection the several litigation matters against US Thrillrides, Polercoaster, and Mr. Kitchen.

46.     Defendants were each directly benefitted from Hawxhurst LLP's legal services.

47.     Defendants accepted Hawxhurst LLP's legal services.

48.     Defendants had reasonable notice that Hawxhurst LLP would perform the legal services and expect compensation from Defendants for such services.

49.     Defendants failed to pay for the legal services that Hawxhurst LLP provided to them and Hawxhurst LLP has been damaged in the sum of at least $1,515,690.83, plus pre- and post-judgment interest.

### PRAYER FOR RELIEF

WHEREFORE, Hawxhurst LLP prays for judgment against Defendants, jointly and severally, as follows:

a.  On each cause of action asserted by Hawxhurst LLP and an award of monetary damages of at least $1,515,690.83 plus pre- and post-judgment interest;

b.  An award of Hawxhurst LLP's reasonable and necessary attorneys' fees and costs of court pursuant to Tex. Civ. Prac. & Rem Code § 38.001; and

    c. Such other relief at law or in equity to which Hawxhurst LLP may be justly entitled.

                            Respectfully submitted,

DATED: January 26, 2026

                            _____
                            Gerald E. Hawxhurst
                            Texas State Bar No. 24090636
                            jerry@hawxhurstllp.com
                            Kyle Foltyn-Smith
                            Texas State Bar No. 24090636
                            kyle@hawxhurstllp.com
                            HAWXHURST LLP
                            1301 S. Capital of Texas Hwy
                            Building C, Suite 300
                            Austin, Texas 78746
                            Tel: (512) 522-4995
                            Fax: (512) 522-4961

                            *Attorneys for Plaintiff Hawxhurst LLP*